THE STATE OF OHIO, APPELLANT, *v.* FERGUSON, APPELLEE.

[Cite as State *v.* Ferguson (1991), 57 Ohio St. 3d 176.]

(Nos. 90-514 and 90-286—Submitted December 11, 1990—
Decided February 13, 1991.)

*Michael Miller,* prosecuting attorney, and *Alan C. Travis,* for appellant.

*Thomas M. Tyack,* for appellee.

*William F. Schmitz* and *Abraham Cantor,* urging affirmance for *amicus curiae,* Western Reserve Kennel Club.

ALICE ROBIE RESNICK, J. Preliminarily, we must resolve the question of appellee's standing to challenge the statute for vagueness. It is well-established that an individual who engages in conduct which is clearly proscribed by a statute cannot complain of the vagueness of a law as applied to others. *Hoffman Estates* v. *The Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495; *Broadrick* v. *Oklahoma* (1973), 413 U.S. 601, 610 (a person to whom a statute may constitutionally be applied will not be heard to challenge the statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the court). It is arguable that the appellee engaged in conduct that is clearly proscribed by

the sections of the Revised Code at issue in this case and thus lacks standing to challenge those provisions.

Appellee registered his dog as an "American Pit Bull" with the Franklin County Bureau of Auditor, Dog License Division. At trial, he consistently referred to his dog as an American Pit Bull Terrier and discussed the characteristics of the breed which he admired. In effect, he admitted that he owned a pit bull dog. Appellee was then convicted of violating R.C. 955.22, which incorporates R.C. 955.11(A)(4)(a)(iii) by reference and requires that a dog "commonly known as a pit bull dog" be confined or restrained in a particular fashion. Now, appellee claims that his conviction should be overturned since it is not clear what constitutes a dog commonly known as a pit bull dog.

On the one hand, appellee's admission seems sufficient for us to conclude that R.C. 955.11(A)(4)(a)(iii) is not unconstitutionally vague as applied to him. However, while appellee admitted owning an American Pit Bull Terrier, he did not admit owning a dog "commonly known as a pit bull dog." Under a literal reading of the statute, it could be argued that appellee did not admit that he was covered by its terms. Thus, we will assume, *arguendo,* that he still has standing. See, *e.g., State* v. *Peters* (Fla. App. 1988), 534 So. 2d 760, 766, at fn. 10, where the court reached the same conclusion.

Appellee's conviction may not be overturned on the ground that the statutory scheme pursuant to which he was convicted violates the Due Process Clauses of the state and federal Constitutions. In *State* v. *Anderson* (1991), 57 Ohio St. 3d 168, 566 N.E. 2d 1224, decided this day, we held that R.C. 955.11(A)(4)(a)(iii) is not unconstitutionally void for vagueness. Specifically, we determined that the phrase "commonly known as a pit bull dog" refers to a distinct set of physical and behavioral traits sufficient not only to place an ordinary dog owner on notice as to whether he is covered by the statute, but also to avert the danger of arbitrary and discriminatory enforcement of the statute. Reviewing the case at bar in light of this holding, we find that R.C. 955.11(A)(4)(a)(iii) may lawfully be applied to the appellee and that the appellate court erred in reversing the appellee's conviction on the ground that the statute is unconstitutionally void for vagueness.

Since the appellate court reversed the appellee's conviction on the basis of his first assignment of error, that R.C. 955.11(A)(4)(a)(iii) is unconstitutionally void for vagueness, the court did not address appellee's subsequent assignments of error. Accordingly, we reverse the judgment of the appellate court overturning appellee's conviction and remand the cause to that court for consideration of the appellee's second, third, and fourth assignments of error. See App. R. 12(A).

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.