**The STATE of Ohio, Appellee,**

v.

**FERGUSON, Appellant.**

[Cite as *State v. Ferguson* (1991), 76 Ohio App.3d 747.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–27.

Decided Dec. 12, 1991.

748

*Michael Miller*, Prosecuting Attorney, and *Alan C. Travis*, Assistant Prosecuting Attorney, for appellee.

*Thomas M. Tyack & Assoc. Co., L.P.A.*, and *Thomas M. Tyack*, for appellant.

---

REILLY, Judge.

Defendant, Kenneth Ferguson, appeals a judgment of the Franklin County Court of Common Pleas finding him guilty of failing to confine or restrain a dangerous or vicious dog in violation of R.C. 955.22(D).

Testimony at defendant's trial revealed that defendant owned two dogs, an American Pit Bull Terrier and a rottweiler, which defendant confined frequently in the patio area of his leased condominium. The patio was enclosed by a board fence and gate, both approximately six feet high; defendant relied solely on a chain looped over the gate post and the top of one or more boards of the gate to secure the gate in the closed position, as the gate had no operable latch or lock mechanism.

On September 27, 1988, Shannon Tucker, a two-year-old child who resided nearby, was just outside the gate of defendant's patio when defendant's dogs escaped from the patio. Although the testimony of eyewitnesses differed in a

number of details, the witnesses agreed generally that both dogs participated in an attack on Shannon, who died as a result of the injuries resulting therefrom.

Defendant was indicted and tried on one count of failing to confine or restrain a vicious dog in violation of R.C. 955.22(D), and one count of involuntary manslaughter. At trial, the state sought to convict defendant only as to the American Pit Bull Terrier, conceding that the rottweiler was not a "vicious dog" as defined by R.C. 955.22(A). A jury found defendant guilty of failing to confine or restrain a vicious dog, with a specification that the dog caused serious harm to Shannon, but acquitted defendant of involuntary manslaughter.

Defendant appealed from the trial court's judgment, assigning the following errors:

"I. The trial court erred in overruling the defendant's motion to dismiss the charge based on the fact that the statutory structure failed to comport with due process requirements of the Constitutions of the state of Ohio and the United States.

"II. The trial court erred in instructing the jury by allowing the jury to find that a 'breed commonly known as a pit bull' was a vicious dog as defined in the statute even if the evidence was uncontradicted that the dog had never in the past injured or killed a human being or killed a dog as mandated in the first two subsections of the appropriate definition of vicious dog as set forth in Section [*sic*] 955 of the Ohio Revised Code.

"III. The evidence as presented to the jury was insufficient as a matter of law to allow conviction and the finding of the jury was against the manifest weight of the evidence.

"IV. The trial court erred in finding that the charge and the verdict of the jury permitted an indefinite sentence pursuant to the statutory provisions of § 2929.11 O.R.C."

We first addressed defendant's assignments of error in our opinion of December 26, 1989, finding that R.C. 955.22(D) was unconstitutionally vague. Accordingly, we sustained defendant's first assignment of error and reversed defendant's conviction solely on that basis, without considering defendant's remaining three assignments of error. On February 13, 1991, the Supreme Court reversed our determination as to the constitutionality of R.C. 955.22(D), and remanded the case to this court for determination of defendant's remaining assignments of error. *State v. Ferguson* (1991), 57 Ohio St.3d 176, 566 N.E.2d 1230. Thus, we consider in this opinion only defendant's second, third, and fourth assignments of error.

Defendant's second assignment of error asserts that the trial court erred in instructing the jury that R.C. Chapter 955 permitted the jury to find that a dog belonging to the "breed commonly known as a pit bull dog" was a vicious dog.

Defendant argues that R.C. 955.11(A)(4)(a) defines a "vicious dog" only in terms of the elements set forth in subsections (i) and (ii) thereof, a dog that, without provocation, has killed or caused injury to any person, or killed another dog, and that subsection (iii) of R.C. 955.11(A)(4)(a) provides only that evidence that the dog in question is a pit bull dog creates a *prima facie* case as to the elements set forth in subsections (i) and (ii); hence, defendant may rebut the state's *prima facie* case by showing that the dog in question has not, without provocation, killed or caused injury to any person, or killed another dog. The state responds that the foregoing statute specifically provides that a vicious dog is one that satisfies the requirements of R.C. 955.11(A)(4)(a)(i), (ii), or (iii); consequently, a dog belonging to the breed commonly known as a pit bull dog may be a vicious dog even if such dog has not, without provocation, killed or caused injury to any person, or killed another dog.

R.C. 955.22(A) specifies that a "vicious dog" has the same meaning as used in R.C. 955.11, which provides that a "vicious dog" means:

" * * * [A] dog that, without provocation and subject to division (A)(4)(b) of this section, meets any of the following:

"(i) Has killed or caused serious injury to any person;

"(ii) Has caused injury, other than killing or serious injury, to any person, or has killed another dog;

"(iii) Belongs to a breed that is commonly known as a pit bull dog. The ownership, keeping, or harboring of such a breed of dog shall be prima-facie evidence of the ownership, keeping, or harboring of a vicious dog." R.C. 955.11(A)(4)(a).

Because R.C. 955.11(A)(4)(a) defines "vicious dog" in the alternative, a dog may be deemed a vicious dog under subsection (iii) thereof if the dog belongs to the breed commonly known as a pit bull dog, even if such dog has not, without provocation, killed or caused injury to any person, or killed another dog.

We disagree with defendant's contention that the foregoing construction of R.C. 955.11(A)(4)(a) renders ineffective the last sentence of subsection (iii) thereof. Specifically, the last sentence of R.C. 955.11(A)(4)(a)(iii) allows defendant to rebut the state's *prima facie* showing that defendant's dog is a vicious dog even if defendant admits to the truth of the element contained in

the first sentence of R.C. 955.11(A)(4)(a)(iii), that the dog in question belongs to the breed commonly known as a pit bull dog.

In contrast, if defendant admits to the truth of the elements contained in R.C. 955.11(A)(4)(a)(i) or (ii), the dog in question is conclusively deemed a vicious dog. We further note that, to give effect to R.C. 955.11(A)(4)(a)(iii), evidence of the absence of the elements contained in R.C. 955.11(A)(4)(a)(i) and (ii), standing alone, is insufficient as a matter of law to rebut the state's *prima facie* showing that defendant's dog was a "vicious dog" as defined by R.C. 955.11(A)(4)(a)(iii).

Defendant's second assignment of error is overruled.

■ Defendant's third assignment of error contends that the evidence presented to the jury was insufficient as a matter of law to support his conviction, and that the jury's verdict was against the manifest weight of the evidence. In assessing the merits of defendant's third assignment of error, we note the test for determining the sufficiency and weight of the evidence " * * * is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. [Citation omitted.] Thus, in reviewing both weight and sufficiency of the evidence, the same test is applied. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts. * * * " *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. Consequently, the weight to be given the evidence and determinations as to credibility of witnesses are matters primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Within those parameters, the judgment of the trial court is supported by the manifest weight of the evidence.

R.C. 955.11(A)(4)(a) provides that evidence that the dog in question is a member of the breed commonly known as a pit bull dog is *prima facie* evidence that such dog is a vicious dog. Moreover, the Supreme Court has enumerated behavioral traits characteristic of this breed, including " ' * * * unusual relentless ferocity or the extreme concentration on fighting and attacking, * * * a history of catching, fighting, and killing instinct * * * ' " aggression, tenacity, and unpredictability, which prompted the legislature to specifically include members of the pit bull breed in the statutory definition of vicious dog. *State v. Anderson* (1991), 57 Ohio St.3d 168, 170, 172–173, 566

N.E.2d 1224, 1225–1226, 1227–1228, certiorari denied (1991), 501 U.S. ——, 111 S.Ct. 2904, 115 L.Ed.2d 1067.

Defendant, having admitted that the dog in question was a pit bull, the state made out a *prima facie* case that such dog was a "vicious dog" as defined by R.C. 955.11(A)(4)(a)(iii). Further, the state presented evidence, from which a jury could reasonably conclude that defendant's pit bull exhibited the behavioral traits characteristic of pit bulls which prompted the legislature to define members of the pit bull breed as vicious dogs.

Specifically, William Ransbotttom, a neighbor who frequently walked past the outside of defendant's patio, testified that the dogs jumped often against the fence enclosing defendant's patio, and that the dogs "hit that fence with a tremendous force," causing the entire fence to move. Another neighbor, John Petrella, testified that "the dogs would bang up against the fence. * * * If the dogs were out there, no one, no one, would go up to move the chain * * * " which held the gate closed.

Gayle Tucker described a specific incident in which defendant's dogs jumped against the gate after Tucker ran along the sidewalk outside defendant's patio, startling Tucker, her daughter Shannon, and Tucker's roommate. Defendant's next-door neighbor, Dale Hysell, related that he saw and heard both of defendant's dogs jump against the fence, and that the jumping startled passersby and discouraged Hysell from using his patio when the dogs were out.

Like Hysell, defendant's other next-door neighbor, Andrew Pinkston, testified that the dogs jumped against the fence; that in so doing the dogs were able to separate sections of the board fence by two-to-three inches along the bottom; that the jumping discouraged him from using his patio; and that he generally would not let his wife go out on their patio unaccompanied when the dogs were out. Pinkston also related that defendant's pit bull once burrowed under the fence to gain access to Pinkston's patio before Pinkston could prevent this from recurring; that defendant had bragged about defendant's pit bull attacking a neighbor's pit bull; and that defendant's pit bull had killed the Tucker's cat. Even Dennis Parker, who described the dogs as well behaved and well trained, testified that "I wouldn't let my little boy go over to [the dogs] by himself."

▇ As to whether defendant's actions were reckless, R.C. 2901.22(C) provides that a person acts recklessly when " * * * with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to

the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Based on the evidence presented at trial, the jury reasonably could conclude that defendant acted "recklessly" as defined by the foregoing statute.

In particular, defendant admitted that he had studied books about the pit bull breed, and that he was aware from media reports of what pit bulls can do to children. In addition, Pinkston testified that he warned defendant that the dogs were going to hurt someone if defendant did not watch them closely.

Defendant also testified that the inside latch on his patio gate was inoperable when he leased his condominium; that defendant thereafter made no attempt to install a new latch even though defendant estimated the cost thereof at no more than ten dollars; and that defendant chose instead to rely solely on the chain to secure the gate, even though the effectiveness of this method of securing the gate depended upon whether or not defendant's children, aged eight and twelve, remembered to put the chain in place after using the gate, and even though any passerby who wished to do so could remove the chain.

Having determined that the evidence presented at trial was sufficient to prove the elements of R.C. 955.22(D) and that the trial court's judgment was not against the manifest weight of the evidence, we overrule defendant's third assignment of error.

Defendant's fourth assignment of error maintains that the trial court erred in imposing an indefinite sentence, since R.C. 2929.11(D) requires imposition of a definite sentence for conviction of a felony of the fourth degree when defendant did not cause physical harm to any person during the commission of that offense.

Defendant first argues that R.C. 2929.11(G) bars imposition of an indefinite sentence for a felony of the fourth degree pursuant to R.C. 2929.22(B)(6) or (7) unless the indictment, count in the indictment, or information charging defendant with the offense contains a specification which complies with R.C. 2941.143. However, R.C. 2929.11(G) establishes no conditions for imposition of an indefinite sentence for a felony of the fourth degree pursuant to R.C. 2929.11(D).

Defendant next contends that imposition of an indefinite sentence requires a finding that defendant caused physical harm to a person during commission of the offense charged; that the jury's finding that the dog in question had seriously injured a person did not constitute a finding that defendant caused physical harm to a person during defendant's violation of R.C. 955.22(D); and that, absent the requisite finding for imposition of an indefinite sentence, the

trial court was required to impose the definite sentence prescribed by R.C. 2929.11(D). The state responds that the trial court properly imposed an indefinite sentence, because defendant caused physical harm to a person during defendant's violation of R.C. 955.22(D).

R.C. 955.99(G) provides that a violation of R.C. 955.22(D) involving a vicious dog is a felony of the fourth degree if the dog in question kills or seriously injures any person. R.C. 2929.11(D) provides as follows:

"Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not, during the commission of that offense, cause physical harm to any person * * * shall be imprisoned for a definite term * * *."

R.C. 2929.11(D) therefore excludes a trial court from imposing a definite sentence for any offense during which defendant caused physical harm to any person. *State v. Jones* (1986), 30 Ohio App.3d 85, 87, 30 OBR 182, 184, 506 N.E.2d 1187, 1190.

After finding defendant guilty of violating R.C. 955.22(D), the jury made a special finding that defendant's pit bull seriously injured Tucker; thus, defendant's violation of R.C. 955.22(D) was a felony of the fourth degree. Since such injury to Tucker occurred when defendant's pit bull was not confined as prescribed by R.C. 955.22(D), the trial court did not err in concluding that defendant caused physical harm to Tucker during defendant's violation of R.C. 955.22(D), and in sentencing defendant to an indefinite term. Therefore, we overrule defendant's fourth assignment of error.

Having overruled defendant's three assignments of error which remained after the Supreme Court's disposition of defendant's first assignment of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

PEGGY BRYANT and PETREE, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.