**DEER PARK INN, Appellant,**

v.

**OHIO DEPARTMENT OF HEALTH et al., Appellees.**

[Cite as *Deer Park Inn v. Ohio Dept. of Health,* 185 Ohio App.3d 524, 2009-Ohio-6836.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–67.

Decided Dec. 24, 2009.

Sirkin, Pinales & Schwartz L.L.P., H. Louis Sirkin, and Scott Ryan Nazzarine, for appellant.

Richard Cordray, Attorney General, and Angela M. Sullivan, Assistant Attorney General, for appellees.

BROWN, Judge.

{¶ 1} Appellant, Deer Park Inn, appeals from a judgment of the Franklin County Court of Common Pleas appealing from an administrative determination rendered by appellee, the Hamilton County General Health District.

{¶ 2} This case involves a purported violation of Ohio's SmokeFree Act, R.C. Chapter 3794, which prohibits smoking in many public places and places of employment. As the matter now stands, this appeal concerns only questions of law, and the facts are largely uncontroverted.

{¶ 3} Deer Park is a public bar located in Hamilton County, Ohio. Acting upon a telephone tip, the health district sent inspectors to the premises to check for violations of the SmokeFree Act. The investigators observed such violations, including two patrons smoking inside the building and an absence of mandated "no smoking" signs. When informed of the violations, the owner of the premises was uncooperative.

{¶ 4} The health district then sent a letter to Deer Park notifying it of the observed smoking violation (the letter omitted any mention of the missing signage) and informing Deer Park of its right to contest the findings in writing. Deer Park responded with a general factual denial of the alleged violation and asserted various constitutional and procedural defenses. The health district then conducted an internal departmental review of the evidence by a three-person panel, including the two original investigators who had observed the violations, and confirmed its prior conclusion that Deer Park had violated the SmokeFree Act. The health district accordingly sent a letter of warning based on violations consisting of patrons smoking on the premises and failure to post "no smoking" signs, despite the fact that this latter allegation had not been listed in the notice of proposed violations.

{¶ 5} Deer Park then filed an appeal to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The court of common pleas upheld the health district's determination, finding that there was reliable, probative, and substantial evidence supporting the finding that Deer Park had permitted patrons to smoke indoors on the premises. The court of common pleas did not address the discrepancy between the original notice of violation and the subsequent finding of violation regarding the absence of "no smoking" signs. The court of common pleas also rejected all constitutional challenges to the SmokeFree Act, most significantly addressing the procedural due process claim that the absence of a right to a hearing before issuing a warning letter deprived Deer Park of the opportunity to meaningfully challenge the alleged violations.

{¶ 6} Deer Park timely appealed and brings the following two assignments of error:

First assignment of error: The common pleas court erred in overruling appellant's constitutional challenges to the Smoke Free Workplace Act.

Second assignment of error: The common pleas court erred in finding that there was sufficient evidence to support a violation of the smoke-free law.

{¶ 7} Pursuant to R.C. 3794.09(C), Deer Park's appeal to the court of common pleas, as well as the subsequent appeal to this court, are administrative appeals governed by R.C. 119.12. Under the standard of review set forth in that section, the court of common pleas will affirm the administrative agency's determination if the court finds, based upon the record and any additional evidence allowed by the court, that the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Upon further appeal to this court, our standard of review is limited to the consideration of whether the court of common pleas abused its discretion in finding that there was reliable, probative, and substantial evidence supporting the agency's order and that it was in accordance with law.

{¶ 8} Deer Park's first constitutional argument under its first assignment of error asserts a denial of procedural due process in the course of the investigation and determination rendered by the Health District.

{¶ 9} "Before the state may deprive a person of a property interest, it must provide procedural due process consisting of notice and a meaningful opportunity to be heard." *Ohio Assn. of Pub. School Emps., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 176, 624 N.E.2d 1043, citing *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. "Determining the adequacy of predeprivation procedures requires consideration of the Government's interest in imposing the temporary deprivation, the private interests of those affected by the deprivation, the risk of erroneous deprivation through the challenged procedures, and the probable value of additional or substitute procedural safeguards." *Brock v. Roadway Express, Inc.* (1987), 481 U.S. 252, 262, 107 S.Ct. 1740, 95 L.Ed.2d 239.

{¶ 10} Deer Park asserts that it was denied due process in this case for three reasons. First, despite the fact that the investigating officers formally charged Deer Park only with allowing smoking in a prohibited area, the warning letter issued after administrative proceedings also found Deer Park to be in violation of R.C. 3794.06(A), failing to post "no smoking" signs in appropriate areas. Second, Deer Park asserts that Ohio Adm.Code 3701–52–08(F)(1), which provides the administrative procedure here and does not provide for an actual administrative hearing for first offenses, violates the due process standards set forth above by failing to provide a meaningful opportunity to be heard. Third, Deer Park argues that even the limited and summary review conducted by the health district was flawed because a review was conducted by three health-district employees, two of whom were the investigating sanitarians who observed the purported violations and, thus, deprived Deer Park of any semblance of a detached and neutral decision maker in the administrative process.

{¶ 11} The Ohio SmokeFree Act, R.C. 3794.01 et seq., prohibits smoking in public places or places of employment with certain significant exceptions (private residences, designated smoking rooms in hotels, nursing homes, retail tobacco stores, outdoor patios, and private clubs). R.C. 3794.02 and 3794.03. R.C. 3794.07 authorizes the health district to promulgate rules for enforcement of the statute by the health district or its designees. R.C. 3794.09 provides that the sole enforcement response for a first reported violation of the act will be a warning letter issued to the proprietor or responsible individuals. R.C. 3794.09(A). Further violations will result in a civil fine against the proprietor or responsible individuals. R.C. 3794.09(B). The pertinent administrative code covering violations provides that upon receipt of a report of violation, the health district or its delegate shall provide the proprietor of an establishment with a written notice of

the reported violation and provide the opportunity to submit in writing statements or evidence to contest the report. Ohio Adm.Code 3701–52–08(D). After reviewing the report, evidence submitted by the proprietor to contest the report, and other fruits of the investigation, such as interviews and on-site investigations, the health district will determine whether a violation has occurred and, if the violator has no prior findings of violations within the preceding two years, issue the warning letter under R.C. 3794.09(A). Ohio Adm.Code 3701–52–08(F)(1)(a). If the alleged violator, however, has a prior violation in the preceding two years, a more comprehensive administrative review is mandated, including a hearing providing the alleged violator with the opportunity to present its case and to confront and cross-examine adverse witnesses. Ohio Adm.Code 3701–52–08(F)(2).

{¶ 12} When Deer Park was apprised of the pending violation, it did not submit written evidence under the regulatory framework outlined above. The letter submitted by counsel for Deer Park, after incorrectly pointing out that there was "no evidence of smoking in prohibited areas on or about" the dates in question (despite the investigators' personal observations), then proceeded to assert that there was no indication that the proprietor had "permitted" smoking on the premises and thus violated the statute. The letter then addressed various constitutional deficiencies in the procedure set forth above, particularly the argument, raised again on appeal, that the absence of a hearing allowing an establishment charged with a violation of the SmokeFree Act to confront witnesses at a formal hearing constituted a denial of due process.

■ {¶ 13} With respect to the finding of a violation by failure to post signs, we agree with Deer Park that this violation was not properly noticed in the letter of proposed violations that was sent to Deer Park, which cited only "smoking in a prohibited area" as the basis of the violation. Nevertheless, the formal warning letter issued after confirmation of the violation cited Deer Park for both smoking in a prohibited area and failure to post signs. In this respect, at least, the actions of the health district are inappropriate, because no notice was given to the purported violator of these grounds for a finding of violation, and thus, no opportunity was given for the accused to avail itself of even the limited procedure afforded first-time violators.

■ {¶ 14} Regarding the procedural due process afforded an alleged violator under these circumstances, we agree with the Franklin County Court of Common Pleas, after weighing all aspects of the proposed violation, the possible consequences, and the procedure imposed by statute and regulation, that the procedure set forth in Ohio Adm.Code 3701–52–08(D) is commensurate with the nature of the violation and the severity of the penalty, a simple warning letter.

{¶ 15} We now turn to Deer Park's arguments that the SmokeFree Act violates constitutional guarantees to substantive due process and equal protection. This court has already addressed these arguments in a comparable case covering substantially identical provisions and language in a Columbus city ordinance, the City of Columbus Smoke Free Indoor Air Act of 2004, Columbus City Code 715. *Traditions Tavern v. Columbus,* 171 Ohio App.3d 383, 2006-Ohio-6655, 870 N.E.2d 1197. Where a fundamental, constitutionally protected right is not implicated, a statute will be upheld under a substantive due process analysis if it bears a real and substantial relation to the public health, safety, morals, or general welfare of the public and if it is not unreasonable or arbitrary; this is generally known as the rational-basis test. *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 545, 706 N.E.2d 323.

{¶ 16} In *Traditions Tavern,* we rejected the argument that the right to smoke in public is a constitutionally protected fundamental right. *Traditions Tavern,* 171 Ohio App.3d 383, 2006-Ohio-6655, 870 N.E.2d 1197, at ¶ 26. We then found that the city has "a legitimate interest in protecting the general welfare of its citizens from health dangers posed by exposure to environmental tobacco smoke. Prohibiting smoking in closed public places furthers that interest by eliminating the possibility of contact with secondhand smoke in enclosed public places. Moreover, it is completely reasonable to hold [responsible] proprietors of public places and places of employment, rather than patrons, because the proprietors manage those spaces. The citizenry has no authority to control the actions of patrons inside such establishments; that is the task of proprietors." Id. at ¶ 27. The state of Ohio (as does the city of Columbus, with its smoking ban) has a similar rational basis for enacting the SmokeFree Act and banning smoking in most public places and places of employment. The act is rationally related to a legitimate government objective and is not unconstitutional on a due process basis.

{¶ 17} In *Traditions Tavern,* we likewise rejected an equal-protection challenge to a smoking ban. The limitations placed on governmental actions by the Federal and Ohio equal-protection clauses are essentially identical. *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 7. The essence of this equal protection of the law is that the government is prohibited from making classifications that result in a person or class of persons being denied the same protection of law enjoyed by similarly situated persons or classes. *Traditions Tavern,* 171 Ohio App.3d 383, 2006-Ohio-6655, 870 N.E.2d 1197, at ¶ 29. Where no suspect class is involved, as here, the rational-basis test again applies. Deer Park did not argue that the present case involves such a suspect class. Rather, Deer Park argues that the SmokeFree Act imposes unequal burdens upon similarly situated individuals and that strict scrutiny

should apply because the fundamental right to control and utilize private property is at issue.

{¶ 18} With respect to the initial contention that any law impacting unfettered use of commercial property as the owner sees fit must be given strict scrutiny, we can simply find no basis either in Deer Park's brief or any other authority to support this proposition; places of business such as Deer Park are, in fact, routinely and continuously subjected to government restrictions in the form of zoning laws, liquor-control enforcement, limitations on hours of commercial operation, and other constraints too numerous to mention, all of which would be examined under a rational-basis analysis. The right to smoke is not a fundamental right, nor is the right to allow smoking in a public place of employment on private property. Strict scrutiny of the statute is not required.

{¶ 19} We therefore proceed to examine Deer Park's equal-protection arguments under a rational-basis analysis. We find that, as with the substantive-due-process approach, the state's smoking ban is rationally related to a legitimate government interest. The restriction is suitably tailored to that interest, and the exceptions set forth in R.C. Chapter 3794 (private residences, hotels, nursing homes, retail tobacco stores, and outdoor patios of bars and restaurants) are not invidious or arbitrary classifications. Outdoor patios, for obvious reasons of smoke dissipation, lessen the smoking exposure of nonsmoking bystanders; retail tobacco stores are in the business of furnishing tobacco for consumption and are far less likely to attract nonsmokers; private residences are, quite simply, private places involving no public exposure; and so forth.

{¶ 20} The equal protection arguments raised by Deer Park are therefore without merit because no fundamental right is implicated, no suspect class is involved, and a rational-basis scrutiny of the statute finds no arbitrary, invidious, or impermissible classification.

{¶ 21} Finally, we address Deer Park's argument that the SmokeFree Act is unconstitutionally void for vagueness. Deer Park argues that the language of R.C. 3794.02(A), providing that "no proprietor * * * shall *permit* smoking in the public place or place of employment" (emphasis added), and Ohio Adm.Code 3701–52–02(B), requiring a proprietor to take "reasonable steps" to prevent smoke from entering smoke-free areas, provide insufficient guidance to allow a person of common intelligence to determine what conduct is prohibited. This is the correct standard to analyze a vagueness claim. *State v. Williams* (2000), 88 Ohio St.3d 513, 532, 728 N.E.2d 342. Deer Park emphasizes that while the statute and rule may clearly prohibit *smoking* in certain areas of certain establishments, the law is insufficiently clear on what action a proprietor of such a location needs to take in order to comply with the law and not "permit"

smoking, other than removing ashtrays and posting "no smoking" signs as expressly required by the law.

{¶ 22} We addressed comparable arguments, again, in *Traditions Tavern,* 171 Ohio App.3d 383, 2006-Ohio-6655, 870 N.E.2d 1197, in which we noted that the city of Columbus smoking ban, containing the identical phrase under which it was a violation to "permit smoking" in certain establishments, was not overly vague because "an ordinary person is expected to understand and apply the common meaning of everyday terms used in legislation." Id. at ¶ 24, citing *Bexley v. Selcer* (1998), 129 Ohio App.3d 72, 77, 716 N.E.2d 1220. We held in *Traditions Tavern* that as the term "permit" is commonly defined, the ban clearly prohibits a proprietor from allowing, consenting to, or expressly assenting to smoking within his or her establishment. Id. In conformity with our prior holding in *Traditions Tavern,* we hold that Ohio's SmokeFree Act is not unconstitutionally vague because it clearly gives notice of the conduct it prohibits and does so in comprehensible, ordinary language not subject to misinterpretation.

{¶ 23} In accordance with the foregoing, Deer Park's constitutional arguments are without merit, with the exception of the procedural due process claim arising from the failure to provide notice before finding a violation based on Deer Park's failure to post "no smoking" signs. Deer Park's first assignment of error is sustained only in this limited respect, and otherwise overruled.

{¶ 24} We now turn briefly to Deer Park's second assignment of error, which asserts that the common pleas court erred in finding that there was sufficient evidence to support the administrative determination of a violation of the SmokeFree Act. Deer Park was given written notice of the pending allegations of violations of the SmokeFree Act and the opportunity to respond with written evidence. In Deer Park's response letter, beyond a flat and unparticularized denial that any smoking had occurred, Deer Park presented nothing to rebut or contradict the detailed written observations recorded by the two sanitarian investigators for the health district. Deer Park chose instead to focus upon the constitutional arguments that we have addressed here today. The report of the investigating sanitarians substantiates the factual basis for a violation; a description of the activity on the premises and the response of Deer Park's proprietor when informed of the possible violations amply support the conclusion that the proprietor at the very least acquiesced in allowing smoking on his premises under prohibited circumstances. The investigators' description of their visit to the premises, observation of patron smoking, and the proprietor's absolute indifference thereto, coupled with the proprietor's subsequent assertion that he would not ever comply with the SmokeFree Act, are sufficient to establish and support the health district's finding of a violation in this case.

{¶ 25} Deer Park suggests no further reason, nor could such additional evidence be considered at this point, to contradict the factual findings of the health district. Deer Park's second assignment of error is accordingly overruled.

{¶ 26} In accordance with the foregoing, Deer Park's first assignment of error is sustained in part and overruled in part, and Deer Park's second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, upholding the determination of the Hamilton County General Health District is affirmed in all respects, except that we find that the court of common pleas did abuse its discretion in finding that the determination of the health district was supported by reliable, probative, and substantial evidence on the question of whether a violation could be found for failure to post "no smoking" signs on the premises, because no notice of such a pending violation was stated in the letter sent to Deer Park apprising it of the pending violation. Upon remand, the court shall instruct the health district to rescind the prior warning letter arising from the finding of violations of the SmokeFree Act, modifying the finding of violation and warning letter to reflect only that Deer Park permitted smoking on the premises and omitting any violation based upon the failure to post "no smoking" signs.

Judgment affirmed in part
and reversed in part.

KLATT and MCGRATH, JJ., concur.