TRISH'S CAFÉ & CATERING, INC., Appellant,

v.

OHIO DEPARTMENT OF HEALTH et al., Appellees.

Pat's Bar & Restaurant, Inc., Appellant,

v.

Ohio Department of Health et al., Appellees.

[Cite as Trish's Café & Catering, Inc. v. Ohio Dept. of Health, 195 Ohio App.3d 612, 2011-Ohio-3304.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 10AP–539 and 10AP–540.

Decided June 30, 2011.

614

Cicero Law Office, L.L.C., and Lori R. Withers, for appellants.

Michael DeWine, Attorney General, and Angela M. Sullivan, and Gregory T. Hartke, for appellees.

FRENCH, Judge.

{¶ 1} Appellants, Trish's Café & Catering, Inc. and Pat's Bar & Restaurant, Inc., separately appeal judgments of the Franklin County Court of Common Pleas, which affirmed administrative decisions by Public Health—Dayton & Montgomery County ("Public Health"), a designee of appellee, the Ohio Department of Health ("DOH"), finding appellants in violation of the Ohio Smoke–Free Workplace Act ("Smoke–Free Act"). This court sua sponte consolidated these appeals for purposes of record filing, briefing, and oral argument. For the following reasons, we affirm the trial court's judgments.

{¶ 2} The Smoke–Free Act, R.C. Chapter 3794, prohibits proprietors of public places and places of employment from permitting smoking in those places and requires proprietors to post no-smoking signs and to remove ashtrays and receptacles used for disposing of smoking materials from any area where smoking is prohibited. R.C. 3794.02(A) and 3794.06. R.C. 3794.07 requires DOH and its designees to enforce the Smoke–Free Act and authorizes the director of DOH to promulgate rules to implement and enforce the Smoke–Free Act.

{¶ 3} On January 10, 2009, DOH received an anonymous complaint that the owner, employees, and customers of Trish's Café were smoking in the establishment and that there were ashtrays everywhere. As a result, Public Health, as a designee of DOH, opened an investigation, generated a notice of a complaint, and assigned a sanitarian to investigate. On January 12, 2009, Aaron Fister, a

sanitarian employed by Public Health, conducted an on-site investigation of Trish's Café and recorded his observations on an investigation worksheet. Fister observed three patrons and one employee, the bartender, smoking cigarettes, observed ashtrays being used by the smokers, and noted the lack of required no-smoking signs on the establishment's front door. Based on those observations, Public Health found Trish's Café in violation of the Smoke–Free Act by permitting smoking in prohibited areas and by failing to remove ashtrays from prohibited areas. Because Trish's Café had two prior violations of the Smoke–Free Act within two years, and based on a determination that this violation was intentional, Public Health imposed a $1,000 fine for this violation.

{¶ 4} Trish's Café, through its owner, Patricia Wehrley, requested administrative review, and an administrative hearing was held before an impartial decision-maker. Fister testified to his January 12, 2009 observations and maintained that customers continued smoking the entire 15 to 20 minutes he was in the establishment. When Fister presented himself to the bartender, she extinguished her cigarette and summoned the owner. Fister went over his report with the owner, who told him to get out and threatened to call the police. The impartial decision-maker issued a report and recommendation, in which he concluded that on January 12, 2009, the proprietor of Trish's Café permitted smoking in a prohibited area, in violation of R.C. 3794.02(A), and failed to remove ashtrays from a public place, in violation of R.C. 3794.06(B). The impartial decision-maker agreed that the violation was Trish's Café's third within two years and that the violation was intentional. Trish's Café filed written objections to the impartial decision-maker's report and recommendation, but Public Health approved the recommendation. Trish's Café appealed to the Franklin County Court of Common Pleas, and that court affirmed.

{¶ 5} In a letter dated November 13, 2008, Public Health informed Pat's Bar that a report had been filed against it, alleging a violation of the Smoke–Free Act. The letter cited a report dated May 15, 2008, but noted that additional reports received prior to the conclusion of the investigation would be included in the investigation, without additional notice. Additional complaints against Pat's Bar were filed with DOH on May 19, 21, 23, and September 5, 2008. On November 21, 2008, a Public Health sanitarian, Aaron Florea, conducted an on-site investigation of Pat's Bar and completed an investigation worksheet, stating that while he did not observe smoking, he observed an Altoids tin on the bar, and it contained ash residue. Public Health sent Pat's Bar notice of a proposed civil fine, dated December 23, 2008, and signed by Florea, informing Pat's Bar that it had been found in violation of R.C. 3794.06(B) and assessing a $100 civil fine.

{¶ 6} On behalf of Pat's Bar, Tracie Lindon requested an administrative review, and an administrative hearing was held before an impartial decision-

maker. At the administrative hearing, Florea explained that he entered Pat's Bar on November 21, 2008, and observed an Altoids tin on the bar, containing ash residue and cigarette butts, in the presence of Lindon, who was bartending. Lindon offered contrary testimony that the Altoids tin in question was on top of a cooler behind the bar, was closed, and contained no smoking materials. The impartial decision-maker issued a report and recommendation, in which he found credible Florea's testimony that an Altoids tin, containing ash residue and cigarette butts, was present in an area where smoking was prohibited. He concluded that on November 21, 2008, Lindon, as the proprietor of Pat's Bar, failed to remove an ashtray or other receptacle used for disposing of smoking material from a public place, in violation of R.C. 3794.06(B), and recommended that the findings of violation be affirmed. Pat's Bar filed written objections, but Public Health approved the recommendation. Pat's Bar appealed to the Franklin County Court of Common Pleas, and that court affirmed.

{¶ 7} Appellants assert the following assignments of error:

[I.] Chapter 3794 of the Ohio Revised Code is void for vagueness in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section I of the Constitution of Ohio.

[II.] The proprietors of Trish's Café * * * did not permit smoking in violation of Chapter 3794 of the Ohio Revised Code.

[III.] The proprietors of Trish's Café * * * and Pat's Bar * * * did not fail to remove from a public place ashtrays and/or smoking receptacles used for disposing of smoking materials.

[IV.] The trial court erred in finding that the sanitarian investigating Pat's Bar did not violate its rights under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Constitution of Ohio.

{¶ 8} Pursuant to R.C. 3794.09(C), R.C. 119.12 governs an appeal from a finding of a violation of the Smoke–Free Act to the Franklin County Court of Common Pleas. In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. The Ohio Supreme Court has defined reliable, probative, and substantial evidence as follows:

(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substan-

tial" evidence is evidence with some weight; it must have importance and value.

(Footnotes omitted.) *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303. In applying this standard, the trial court must "give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265.

{¶ 9} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. In reviewing the court of common pleas' determination that an administrative order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675, 680, 610 N.E.2d 562. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. However, on the question whether the administrative order was in accordance with the law, this court's review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835.

{¶ 10} In their first assignment of error, appellants argue that the Smoke–Free Act is void for vagueness, a question of law we review de novo. They specifically contend that R.C. 3794.02(A) and 3794.06(B) provide no guidance as to what a proprietor must do to comply with the law. R.C. 3794.02(A) states that "[n]o proprietor of a public place or place of employment * * * shall permit smoking in the public place or place of employment." R.C. 3794.06(B) requires that "[a]ll ashtrays and other receptacles used for disposing of smoking materials shall be removed from any area where smoking is prohibited."

{¶ 11} "When a statute is challenged under the due-process doctrine prohibiting vagueness, the court must determine whether the enactment (1) provides sufficient notice of its proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement." *Norwood v. Horney,* 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 84, citing *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903. "A civil statute that does not implicate the First Amendment is unconstitutionally vague only if it is so vague and indefinite that it sets forth no standard or rule or if it is substantially incomprehensible." *Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 46, citing *Buckley v. Wilkins,* 105 Ohio St.3d 350, 2005-

Ohio-2166, 826 N.E.2d 811, ¶ 19, and *Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362, fn. 7.

{¶ 12} Laws are entitled to a strong presumption of constitutionality, and the party challenging a law bears the burden of proving that it is unconstitutional beyond a reasonable doubt. *Columbia Gas Transm. Corp.* at ¶ 41, citing *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 16. The void-for-vagueness doctrine "does not require statutes to be drafted with scientific precision" but, rather, "permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial construction, with courts indulging every reasonable interpretation in favor of finding the statute constitutional." *Perez v. Cleveland* (1997), 78 Ohio St.3d 376, 378–379, 678 N.E.2d 537.

{¶ 13} This court has previously addressed and rejected arguments that the Smoke–Free Act is unconstitutionally vague. In *Deer Park Inn v. Ohio Dept. of Health*, 185 Ohio App.3d 524, 2009-Ohio-6836, 924 N.E.2d 898, Deer Park Inn argued that the language in R.C. 3794.02(A), that "[n]o proprietor * * * shall permit smoking," and in Ohio Adm.Code 3701–52–02(B), requiring a proprietor to "take reasonable steps" to prevent smoke from entering smoke-free areas, provides insufficient guidance to allow a person of common intelligence to determine what conduct is prohibited. This is the same argument appellants raise here. Relying on our earlier analysis of the city of Columbus's smoking ban, which contained nearly identical language, we stated that the ban "clearly prohibits a proprietor from allowing, consenting to, or expressly assenting to smoking within his or her establishment." *Deer Park Inn* at ¶ 22, citing *Traditions Tavern v. Columbus*, 171 Ohio App.3d 383, 2006-Ohio-6655, 870 N.E.2d 1197, ¶ 24. More recently, we stated, "A proprietor permits smoking when the proprietor affirmatively allows smoking or implicitly allows smoking by failing to take reasonable measures to prevent patrons from smoking." *The Boulevard v. Ohio Dept. of Health*, 10th Dist. No. 09AP–837, 2010-Ohio-1328, 2010 WL 1229184, ¶ 17. Accordingly, in *Deer Park Inn* at ¶ 22, we held that the Smoke–Free Act "is not unconstitutionally vague because it clearly gives notice of the conduct it prohibits and does so in comprehensible, ordinary language not subject to misinterpretation." See also *The Boulevard* at ¶ 15. Based on that authority, we reject appellants' contention that R.C. 3794.02(A) is unconstitutionally vague.

{¶ 14} Appellants also contend that language in R.C. 3794.06(B), requiring a proprietor to remove ashtrays from areas where smoking is prohibited, is unconstitutionally vague. To determine legislative intent, we review a statute by reading undefined terms in context and construing them in accordance with rules of grammar and common usage. *Carolina Tobacco Co. v. Petro*, 10th Dist. No.

04AP–1125, 2006-Ohio-1205, 2006 WL 648851, ¶ 27, citing *State ex rel. Plain Dealer Publishing Co. v. Cleveland,* 106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, ¶ 35. Looking to its plain and ordinary meaning, "remove" is defined as "to move from a place or position; take away or off." Webster's Encyclopedic Unabridged Dictionary (Random House 1997). Although *Deer Park Inn* did not specifically address the Smoke–Free Act's language requiring a proprietor to remove ashtrays, we conclude that R.C. 3794.06(B) likewise gives clear notice of the conduct required for compliance with the statute in comprehensible, ordinary language, not subject to misinterpretation.

{¶ 15} Appellants cite the trial court's decision in *Jackson v. Bartec, Inc.* (Feb. 22, 2010), Franklin C.P. No. 09CVH08–12197, 2010 WL 766372, to argue that the Smoke–Free Act is unconstitutionally vague because it improperly holds proprietors liable for decisions and actions of third parties, outside the proprietors' control, so that proprietors cannot know what steps are required to comply with the act. Since appellants filed their merit brief, however, this court reversed the trial court's judgment in *Bartec.* See *Jackson v. Bartec, Inc.*, 10th Dist. No. 10AP–173, 2010-Ohio-5558, 2010 WL 4632557, appeal accepted, 128 Ohio St.3d 1444, 2011-Ohio-1618, 944 N.E.2d 694. We held that the plain language of the Smoke–Free Act and the corresponding regulations require proprietors to assume a level of responsibility for conduct occurring on their premises. Id. at ¶ 19; see also *Deer Park Inn* at ¶ 16, quoting *Traditions Tavern* at ¶ 27 (" 'it is completely reasonable to hold [responsible] proprietors of public places and places of employment, rather than patrons, because the proprietors manage those spaces' "). Thus, the fact that the Smoke–Free Act places on proprietors some responsibility, whether not to permit smoking or to remove ashtrays, does not render the Smoke–Free Act unconstitutionally vague.

{¶ 16} Moreover, "[i]t is well-established that an individual who engages in conduct which is clearly proscribed by a statute cannot complain of the vagueness of a law as applied to others." *State v. Ferguson* (1991), 57 Ohio St.3d 176, 566 N.E.2d 1230, citing *Hoffman Estates,* 455 U.S. at 495, 102 S.Ct. 1186, 71 L.Ed.2d 362, and *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 610, 93 S.Ct. 2908, 37 L.Ed.2d 830. Based on the facts in the record, as discussed more fully below, appellants engaged in conduct clearly proscribed by R.C. 3794.06(B) and, accordingly, lack standing to challenge the vagueness of that statute as applied to others. For these reasons, we overrule appellants' first assignment of error.

{¶ 17} Before addressing the merits of appellants' second and third assignments of error, we briefly consider a common argument raised under both— specifically, that the charges levied against appellants are invalid because Public Health did not comply with a procedural requirement under Ohio Adm.Code 3701–52–08. If DOH transmits a report of a violation of the Smoke–Free Act to

a designee, Ohio Adm.Code 3701–52–08(D)(2) requires the designee to investigate. An investigation may include, but is not limited to the following: "(a) A review of report of violation; (b) A review of any written statement or evidence contesting the report of violation; (c) Telephone or on-site interviews; and, (d) On-site investigations." Id. Ohio Adm.Code 3701–52–08(D)(3) provides, "Prior to issuing a proposed civil fine for a violation of Chapter 3794. of the Revised Code and this chapter, the department's investigation shall include all investigation activities set forth in paragraphs (D)(2)(a) to (D)(2)(d) of this rule." Here, appellants contend that the sanitarians did not conduct telephone or on-site interviews of their employees.

{¶ 18} It is unclear from the testimony whether the sanitarians conducted interviews as part of their investigations. The sanitarians who conducted the on-site investigations of Trish's Café and Pat's Bar testified that they spoke with the proprietors of those establishments. Fister testified that he spoke with the owner of Trish's Café for about five minutes after he completed his investigation report but that the owner was upset and threatened to call the police. Similarly, Florea testified that he spoke with Lindon, the bartender of Pat's Bar, who he believed was the owner. Florea stated that he asked Lindon about the Altoids-tin ashtray but that she made no statement about it.

{¶ 19} Whether or not the sanitarians complied with the interview prong of Ohio Adm.Code 3701–52–08(D), however, we conclude that appellants have waived any error in that regard. Neither Trish's Café nor Pat's Bar raised the alleged lack of interviews at its administrative hearing or in its objections to the impartial decision-makers' report and recommendation. Appellants did not raise this issue until they filed their reply briefs in the trial court. A party generally waives the right to appeal an issue that could have been raised, but was not raised, in earlier proceedings. *MacConnell v. Ohio Dept. of Commerce*, 10th Dist. No. 04AP–433, 2005-Ohio-1960, 2005 WL 995590, ¶ 21. Thus, the failure to raise procedural or evidentiary objections at the administrative level has been held to waive those objections for purposes of a subsequent administrative appeal. Id.; see also *Leslie v. Ohio Dept. of Dev.*, 171 Ohio App.3d 55, 2007-Ohio-1170, 869 N.E.2d 687, ¶ 47. Based on that authority, we must conclude that appellants' failure to raise the issue of procedural error under Ohio Adm.Code 3701–52–08(D) constitutes a waiver of that issue for purposes of these administrative-appeal proceedings. We therefore turn to the substantive arguments raised in appellants' second and third assignments of error.

{¶ 20} In their second assignment of error, appellants contend that the proprietor of Trish's Café did not permit smoking in violation of R.C. 3794.02(A). A proprietor permits smoking when she affirmatively allows smoking or implicitly allows smoking by failing to take reasonable measures to prevent

patrons from smoking. *Pour House, Inc. v. Ohio Dept. of Health*, 185 Ohio App.3d 680, 2009-Ohio-5475, 925 N.E.2d 621, ¶ 18. A proprietor will be strictly liable under R.C. 3794.02(A) if the proprietor affirmatively or implicitly allows smoking, but there is no basis for finding a violation of that statute without evidence that the proprietor permitted smoking. Id. at ¶ 19. Appellants argue that the record is devoid of evidence that the proprietor of Trish's Café permitted smoking on January 12, 2009, and that the trial court abused its discretion by affirming Public Health's finding of a violation.

{¶ 21} Appellants argue that Public Health and the trial court imposed strict liability based solely on the observation of smoking on the premises, with no inquiry into whether the proprietor permitted the smoking, and that there was no evidence that the proprietor permitted smoking. We disagree. This court has implicitly acknowledged that "because the proprietor is essentially tributary to the conduct of his or her patrons, not every instance of surreptitious, unobserved smoking on the premises will give rise to liability for the proprietor." *Deer Park Inn v. Ohio Dept. of Health*, 10th Dist. No. 09AP–974, 2010-Ohio-1392, 2010 WL 1254611, ¶ 11 ("*Deer Park II* "). Nevertheless, in *Deer Park II*, where investigators observed roughly a quarter of an establishment's patrons smoking, many at the bar, directly in front of the bartender, and did not observe the owner or employees ask the patrons to stop smoking, we affirmed the trial court's judgment, upholding a violation of the Smoke–Free Act. We stated, "The testimony of the investigators, if believed, was sufficient to establish nothing less than willful blindness on the part of the proprietor and his agents, and some measure of contempt for, let alone non-compliance with, the Ohio Smoke Free Act." Id.

{¶ 22} A trier of fact could conclude from Fister's testimony that the proprietor permitted smoking. Fister testified that upon entering Trish's Café, he observed three customers and the bartender smoking cigarettes and using ashtrays. According to Fister, the customers continued to smoke, in plain sight of the bartender, the entire 15 to 20 minutes he was in the establishment. When summoned from a back area, the owner was uncooperative and made no effort to stop the customers from smoking, nor did she instruct the bartender to tell the customers to stop smoking. Fister's testimony also constituted reliable, probative, and substantial evidence upon which the trial court could rely to affirm the violation of R.C. 3794.02(A) against Trish's Café. See *The Boulevard* at ¶ 18 (stating that sanitarian's observation of a patron smoking for a lengthy period of time, within plain sight of the bartender, who did not request the patron to stop smoking in the establishment, constituted reliable, probative, and substantial evidence in support of the violation). Accordingly, we overrule appellants' second assignment of error.

{¶ 23} Appellants' third assignment of error states that the proprietors of Trish's Café and Pat's Bar did not fail to remove ashtrays or smoking receptacles from their establishments. Appellants' arguments here parallel their arguments under the second assignment of error—namely, that the mere presence of ashtrays or smoking receptacles does not establish that the proprietors failed to remove them.

{¶ 24} With respect to Trish's Café, Fister observed ashtrays on the bar, at a table, and behind the bar. The ashtrays held ashes, cigarette butts, and lit cigarettes, and were being used not only by customers but also by the bartender, while the owner was on the premises. Just as a violation of R.C. 3794.02(A) can be established with evidence that a proprietor implicitly permitted smoking, so may a violation of R.C. 3794.06(B) be established with evidence that a proprietor acquiesced in the presence of ashtrays in areas where smoking is prohibited. At the very least, the testimony established that the bartender, an agent of the proprietor, acquiesced in the presence of ashtrays and failed to remove them. Moreover, Fister's testimony that the owner did nothing, upon entering the public area of the bar, to stop customers from smoking or to remove the ashtrays constitutes evidence that the owner also acquiesced in the presence of ashtrays. Despite appellants' contention that Fister did not ask any questions regarding the ashtrays he observed, Fister's testimony constitutes reliable, probative, and substantial evidence supporting a violation of R.C. 3794.06(B).

{¶ 25} With respect to Pat's Bar, Florea testified that he observed an Altoids tin containing, at least, ash residue on the bar. There was some conflict in the testimony as to whether the tin was on the bar or behind the bar and whether the tin contained cigarette butts. The impartial decision-maker, however, believed Florea's testimony over Lindon's contrary testimony. In an R.C. 119.12 appeal, the common pleas court should ordinarily defer to an agency's determination as to witness credibility and the weight assigned to the evidence. See *Conrad,* 63 Ohio St.2d at 111, 17 O.O.3d 65, 407 N.E.2d 1265 ("when the evidence before the court consists of conflicting testimony of approximately equal weight the court should defer to the determination of the administrative body, which, as the factfinder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility"). We discern no abuse of discretion in the trial court's deference to the impartial decision-maker's resolution of the evidentiary conflicts.

{¶ 26} Ohio Adm.Code 3701–52–02(F) sets forth three exceptions to the requirement of removing ashtrays. A proprietor may provide ashtrays in areas where smoking is not prohibited and may provide ashtrays solely for the purpose of disposing of smoking materials prior to entering a place of employment or public place. A proprietor may also store ashtrays in a location within an area

where smoking is prohibited if the location has no public access and the location is used primarily for storage. Pat's Bar, however, did not argue or present evidence to establish that any of the enumerated exceptions apply in this case. Upon review of the record, we conclude that Florea's testimony, if believed, constitutes reliable, probative, and substantial evidence that the proprietor of Pat's Bar failed to remove ashtrays or smoking receptacles, as required by R.C. 3794.06(B). Accordingly, we overrule appellants' third assignment of error.

{¶ 27} Finally, in their fourth assignment of error, appellants contend that the trial court erred by finding that Florea did not violate Pat's Bar's rights under the Fourth Amendment to the United States Constitution and Article I, Section 14, Ohio Constitution, which protect against unreasonable searches and seizures. In the trial court, Pat's Bar argued that Florea discovered the basis for the violation only after entering into a nonpublic area of Pat's Bar, without judicial authorization.

{¶ 28} "Warrantless searches are generally considered unreasonable. * * * Accordingly, evidence obtained by means of a warrantless search is subject to exclusion, unless the circumstances of the search establish it as constitutionally reasonable." *AL Post 763 v. Ohio Liquor Control Comm.* (1998), 82 Ohio St.3d 108, 111, 694 N.E.2d 905. Certain types of warrantless searches have been judicially recognized as reasonable, notwithstanding the presumption of unreasonableness dictated by the Fourth Amendment. Id., citing *Stone v. Stow* (1992), 64 Ohio St.3d 156, 164–165, 593 N.E.2d 294. A warrantless administrative search may be conducted if the authorizing statute or regulation does not interfere with a reasonable expectation of privacy protected by the Fourth Amendment. *Stone* at 164.

{¶ 29} In *Stone* at 165, fn. 4, the Supreme Court of Ohio explicitly added "administrative search[es]" to the list of recognized warrantless search exceptions. In *New York v. Burger* (1987), 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601, the United States Supreme Court outlined a three-part test for determining whether a warrantless administrative search is reasonable. "First, there must be a 'substantial' government interest that informs the regulatory scheme pursuant to which the inspection is made." Id. at 702, citing *Donovan v. Dewey* (1981), 452 U.S. 594, 602, 101 S.Ct. 2534, 69 L.Ed.2d 262. "Second, the warrantless inspections must be 'necessary to further [the] regulatory scheme.'" *Burger* at 702, quoting *Donovan* at 600. Third, " 'the * * * inspection program, in terms of the certainty and regularity of its application, [must] provid[e] a constitutionally adequate substitute for a warrant.'" Id. at 703, quoting *Donovan* at 603. Here, the trial court concluded that administrative searches authorized under the

Smoke–Free Act and its implementing regulations satisfy the three-part *Burger* test, a conclusion that appellant contests on appeal.

{¶ 30} Another judicially recognized exception to the search-warrant requirement is the plain-view doctrine. *Stone* at 165, fn. 4. The plain-view exception permits a law-enforcement officer to seize clearly incriminating evidence or contraband when it is discovered in a place where the officer has a right to be. *State Dept. of Pub. Safety v. Marchbank* (Mar. 29, 2001), 10th Dist. No. 00AP–1026, 2001 WL 300749, quoting *State v. Claytor* (1993), 85 Ohio App.3d 623, 628, 620 N.E.2d 906. "The doctrine embodies the understanding that privacy must be protected by the individual, and if a police officer is lawfully on a person's property and observes objects in plain or open view, no warrant is required to look at them." *State v. Buzzard,* 112 Ohio St.3d 451, 2007-Ohio-373, 860 N.E.2d 1006, ¶ 16, citing *Horton v. California* (1990), 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112. In *Buzzard,* at ¶ 15, the Supreme Court of Ohio held, "[If] [an] individual does not act to preserve * * * privacy, such as by leaving [objects] in the plain view of the public, then the state has not 'searched' within the meaning of the Constitution, because the individual has exposed those objects to others rather than keeping them to himself." Here, the trial court also concluded that the sanitarian's finding of a violation based on the Altoids-tin ashtray did not violate Pat's Bar's Fourth–Amendment rights, because the ashtray was in plain view.

{¶ 31} The impartial decision-maker who heard testimony regarding the Pat's Bar violation found that Florea entered the establishment and "observed an open Altoid[s] can on the top of the bar with ash residue and cigarette butts present. He was approximately 6–10 feet from the ashtray when he observed it sitting on the back of the bar." The impartial decision-maker noted Lindon's contrary testimony but nevertheless found Florea's testimony more credible. There is no dispute that the Altoids tin qualified as an ashtray or other receptacle for disposing of smoking materials under the Smoke–Free Act. See R.C. 3794.06(B). While appellants argue that the impartial decision-maker erred by believing Florea's testimony over Lindon's testimony, the trial court appropriately deferred to the impartial decision-maker's resolution of the evidentiary conflicts and determination of credibility. There is no doubt that Florea had a right to be present on the Pat's Bar premises, which were open to the public, and Florea's testimony established that the Altoids tin was in plain view. Because the record contained reliable, probative, and substantial evidence to establish that the Altoids tin was in plain view, we conclude that the trial court did not err in overruling Pat's Bar's assignment of error alleging a violation of its Fourth

Amendment rights. Having concluded that the trial court did not err in rejecting appellants' Fourth Amendment argument under the plain-view doctrine, we need not determine whether the *Burger* test was satisfied in this case. For these reasons, we overrule appellants' fourth assignment of error.

{¶ 32} In conclusion, having overruled each of appellants' assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

Judgments affirmed.

BRYANT, P.J., and DORRIAN, J., concur.