[Cite as *Hughes v. Ohio Bd. of Nursing*, 2016-Ohio-4768.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David K. Hughes, R.N., | : | |
| Appellant-Appellant, | : | |
| | : | No. 15AP-786 |
| v. | : | (C.P.C. No. 14CVF12-13160) |
| Ohio Board of Nursing, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

---

D E C I S I O N

Rendered on June 30, 2016

---

**On brief:** *Graff & McGovern, LPA*, and *James M. McGovern*, for appellant. **Argued:** *John A. Izzo.*

**On brief:** *Michael DeWine*, Attorney General, and *Emily A. Pelphrey*, for appellee. **Argued:** *Emily A. Pelphrey.*

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, David K. Hughes, appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of appellee, the Ohio Board of Nursing ("the Board"), permanently revoking his nursing license. For the following reasons, we affirm that judgment.

**I. Factual and Procedural Background**

{¶ 2} Appellant had been a licensed nurse in Ohio since 2006. In 2013, however, appellant pled guilty to and was convicted of single counts of voyeurism and attempted voyeurism in the Franklin County Court of Common Pleas. Shortly after his convictions,

the Board sent appellant a "Notice of Opportunity for Hearing" ("the Notice") which informed appellant that, as a result of his convictions, the Board proposed to sanction his license pursuant to R.C. 4723.28(B)(4). That section provides that the Board may sanction a licensed nurse for, in relevant part, a conviction of any crime involving gross immorality or moral turpitude. The Notice included a paragraph which stated that police had found numerous items of "child erotica," "child pornography," "diaper images," and "voyeur images" on appellant's computer and/or storage devices during the investigation of appellant (hereinafter referred to as "the Fourth Paragraph"). Pursuant to the advisements in the Notice, appellant requested a hearing on the Board's proposed sanction of his license.

{¶ 3} Before the hearing, appellant filed a motion in limine to request the exclusion of any reference to the allegations contained in the Fourth Paragraph from his hearing.[1] Appellant argued that the allegations in the Fourth Paragraph were not the basis of his convictions and were, therefore, prejudicial and irrelevant to the proceedings. In its decision on the motion, the hearing officer concluded that appellant's two convictions did not involve any of the allegations contained in the Fourth Paragraph and, therefore, refused to allow the Board to use those allegations to prove that appellant was convicted of a crime involving gross immorality or moral turpitude under R.C. 4723.28(B)(4). The hearing officer allowed the Board, however, to use the allegations in the Fourth Paragraph solely for purposes of determining an appropriate sanction if appellant was found to have committed a crime involving gross immorality or moral turpitude.

{¶ 4} Ultimately, the parties submitted a joint stipulation to the hearing officer in lieu of a hearing. In the stipulation, appellant agreed that his convictions constituted crimes involving gross immorality or moral turpitude in violation of R.C. 4723.28(B)(4). He then explained the facts and circumstances of those convictions and detailed the steps he took after the convictions to address his pornography addiction and voyeuristic tendencies in an attempt to mitigate his sanction. Numerous exhibits were part of the stipulation, including documents from the police investigation noted in the Fourth

---

[1] Appellant also requested that the Fourth Paragraph be stricken from the Notice, but the hearing officer concluded that it did not have the authority to strike a paragraph from a notice. Appellant does not address that ruling in this appeal.

Paragraph. In light of the parties' stipulation, the hearing officer concluded that appellant's convictions were for crimes of gross immorality or moral turpitude and, as a result, the Board was authorized to sanction him under R.C. 4723.28(B)(4). The hearing officer recommended that the Board permanently revoke appellant's license.

{¶ 5} The Board considered and accepted the hearing officer's recommendation to permanently revoke appellant's license. In so doing, however, the Board specifically noted in its adjudication order that "in considering a sanction, the Board has not given any weight to [the Fourth Paragraph] or to State's Exhibit 9 [a report from the police investigation] to the extent it references allegations that did not result in criminal charges; rather, the Board finds sufficient basis in [appellant's] criminal convictions, his voyeuristic tendencies that escalated into overt criminal behavior, and the declaration by the Franklin County Court of Common Pleas that he is a Tier 1 Sex Offender subject to fifteen (15) years registration, to form the basis for the Board's determination that his license to practice be permanently revoked in order to protect the public." (Adjudication Order at 1-2.) Appellant appealed the Board's decision to the Franklin County Court of Common Pleas, which affirmed the Board's decision.

## II. Appellant's Appeal

{¶ 6} Appellant appeals the trial court's decision to this court and assigns the following errors:

> [1.] The Franklin County Court of Common Pleas erred and abused its discretion when it found that the Ohio Board of Nursing's Adjudication Order was based upon reliable, probative and substantial evidence and was in accordance with law.
>
> [2.] The Franklin County Court of Common Pleas erred and abused its discretion when it found that the Board did not violate Mr. Hughes' due process rights.

### A. Standard of Review

{¶ 7} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the court must consider the entire record to determine if the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Clayton v. Ohio Bd. of Nursing*, 10th Dist. No. 13AP-726, 2014-

Ohio-2077, ¶ 24. An appellate court's review of an administrative decision is more limited than that of a common pleas court. *Beach v. Ohio Bd. of Nursing*, 10th Dist. No. 10AP-940, 2011-Ohio-3451, ¶ 14. Unlike a trial court, an appellate court may not review the evidence. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). An appellate court is limited to determining whether the trial court abused its discretion. *Id.* Absent such an abuse of discretion, an appellate court must affirm the trial court's judgment, even if the appellate court would have arrived at a different conclusion than the trial court. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). When reviewing the trial court's judgment as to whether an agency's decision is in accordance with law, an appellate court's review is plenary. *Spitznagel v. State Bd. of Edn.*, 126 Ohio St.3d 174, 2010-Ohio-2715, ¶ 14.

## B. Appellant's First Assignment of Error

{¶ 8} Appellant argues in his first assignment of error that the Board did not have the authority to promulgate Ohio Adm.Code 4723-16-07, an administrative rule that permits the Board to consider various factors in arriving at its disciplinary decision.[2] He also argues that the police offense report contained in state's exhibit No. 9 of the parties joint stipulation is not reliable, probative, or substantial evidence to support the Board's decision to permanently revoke his license. We reject both arguments.

---

[2] In relevant part, Ohio Adm.Code 4723-16-07 provides that:

(C) When making a decision regarding disciplinary action, the board may consider factors including, but not limited to, the following:

(1) Whether the act is willful, intentional, irresponsible, or unintentional;

(2) Whether the respondent failed to cooperate with the board investigation;

(3) Whether the respondent provided false, misleading or deceptive information to the board or board staff;

(4) The frequency of occurrence of the act at issue;

(5) Whether the act represents a pattern of commissions or omissions;

(6) The outcome of the actions of a licensee or certificate holder; or

(7) The level of harm or potential harm to a patient.

{¶ 9}   Appellant did not challenge the Board's authority to promulgate Ohio Adm.Code 4723-16-07 before the Board or the trial court.  A party generally waives the right to appeal issues that could have been raised, but were not raised, in earlier proceedings.  *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, ¶ 19; *Trish's Café & Catering, Inc. v. Ohio Dept. of Health*, 195 Ohio App.3d 612, 2011-Ohio-3304, ¶ 19 (10th Dist.); *McBroom v. Dickerson*, 10th Dist. No. 11AP-601, 2012-Ohio-377, ¶ 11.  Because appellant did not challenge the Board's authority to promulgate Ohio Adm.Code 4723-16-07 before the Board or the trial court, he has waived the argument on appeal.  *Campus Pitt Stop, L.L.C. v. Ohio Liquor Control Comm.*, 10th Dist. No. 13AP-622, 2014-Ohio-227, ¶ 14.

{¶ 10} Appellant also contends in his first assignment of error that the police offense report contained in state's exhibit No. 9 of the parties' joint stipulation is not reliable, probative, or substantial evidence to support the Board's decision to permanently revoke his license.  He argues that the report prejudiced him because it suggested he committed crimes in addition to the convictions referenced in the stipulation.  We disagree.

## C.  Appellant's Second Assignment of Error

{¶ 11} Appellant cannot show that he was prejudiced by state's exhibit No. 9 because the Board specifically noted that it did not give any weight to the exhibit in its decision-making process.  The Board expressly considered only his two convictions.  Appellant stipulated that his convictions were offenses of gross immorality or moral turpitude.  Therefore, appellant stipulated to the facts that authorized the Board to permanently revoke his license.  Because the Board expressly stated it gave no weight to state's exhibit No. 9 and because appellant waived a challenge to the promulgation of Ohio Adm.Code 4723-16-07, we overrule appellant's first assignment of error.

{¶ 12}  In his second assignment of error, appellant contends the Board violated his constitutional due process rights.  He also argues that the Board should not have considered the police report because its admission denied him a meaningful hearing or the opportunity to confront his accuser.  Again, we disagree.

{¶ 13} Appellant did not assert a constitutional due process argument before the board or the trial court.  Therefore, he has waived the argument on appeal.  *Campus Pitt*

*Stop, L.L.C.* at ¶ 14. His challenge to the police report also fails because, as previously noted, the Board expressly stated that it did not give any weight to the police report. Therefore, appellant was not prejudiced. For these reasons, we overrule appellant's second assignment of error.

## III. Conclusion

{¶ 14} We overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and SADLER, J., concur.

————————————