[Cite as *Campus Pitt Stop, L.L.C., v. Ohio Liquor Control Comm.*, 2014-Ohio-227.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Campus Pitt Stop, L.L.C., | : | |
| Appellant-Appellant, | : | |
| | : | No. 13AP-622 |
| v. | : | (C.P.C. No. 13CVF-1688) |
| Ohio Liquor Control Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on January 23, 2014

*Nathan Gordon*, for appellant.

*Michael DeWine*, Attorney General, and *Michael Rzymek*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Campus Pitt Stop, L.L.C., appeals from a judgment of the Franklin County Court of Common Pleas dismissing its administrative appeal of the January 24, 2013 order of the Liquor Control Commission ("commission"). For the following reasons, we affirm.

{¶ 2} On January 24, 2013, for a violation of unsanitary conditions on the premises, the commission ordered revocation of appellant's liquor permit but gave appellant the option to pay a $3,000 financial forfeiture to avoid revocation. On February 6, 2013, appellant's counsel filed a motion for reconsideration with the commission, which was denied.

{¶ 3} On February 14, 2013, acting pro se, Cindy Krieder and Bruce Taylor filed a notice of appeal of the commission's order with the Franklin County Court of Common Pleas. The notice of appeal argued that the order of the commission is not supported by

reliable, probative, and substantial evidence and that the order is not in accordance with law.

{¶ 4}   The commission filed a motion to dismiss the appeal because Ms. Krieder and Mr. Taylor had filed the appeal on behalf of appellant, a limited liability company. The commission argued that Ohio law requires that a limited liability company must be represented by an attorney.  In support of its argument, it cited *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, and *Cleveland Bar Assn. v. Pearlman,* 106 Ohio St.3d 136, 2005-Ohio-4107.

{¶ 5}   Four days after the commission filed its motion to dismiss, Attorney Nathan Gordan entered an appearance on behalf of appellant. Attorney Gordon then filed a memorandum contra. On behalf of appellant, he requested the motion be denied because: (1) appellant was now represented by counsel; (2) the law does not prevent members of a limited liability company from filing a notice of appeal; (3) the case law cited by the commission was not on point; (4) the commission does not apply its position consistently in that both limited liability companies and corporations are permitted to proceed without an attorney if they admit to the charges; and (5) the record of the case will show appellant did not receive notice of the hearing and was, therefore, not present at the hearing.

{¶ 6}   On May 1, 2013, the commission filed a motion for judgment on the pleadings arguing that the commission order was supported by reliable, probative, and substantial evidence.  The commission also noted appellant did not file a brief in support of its appeal.  Appellant filed a memorandum contra, noting the motion to dismiss was still pending and again stating it never received notice of the hearing before the commission.

{¶ 7}   The court filed a decision on May 17, 2013, in which it granted the commission's motion to dismiss. Appellant filed an objection, alleging the court's decision had been ghost-written by a magistrate. On June 19, 2013, the court filed a judgment entry in which it affirmed the commission's January 24, 2013 order for the reasons set forth in the decision of the court rendered on May 17, 2013.

{¶ 8}   On July 19, 2013, appellant, through counsel, filed a notice of appeal. Appellant sets forth the following two assignments of error:

I. THE COURT OF COMMON PLEAS ERRORED [SIC] WHEN IT FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH THE LAW.

II. THE DECISION OF THE FRANKLIN COUNTY COMMON PLEAS COURT FAILED TO COMPLY WITH THE PRO-VISIONS OF SECTION 119.12 OF THE OHIO REVISED CODE.

{¶ 9} In the first assignment of error, appellant argues that it was never notified of the hearing before the commission, and, therefore, the commission's decision is not supported by reliable, probative, and substantial evidence. In its second assignment of error, appellant argues that the law does not prevent non-lawyers from taking certain actions on behalf of limited liability companies of which they are a member. Appellant concedes that non-lawyers cannot engage in cross-examinations, arguments or other acts of advocacy on behalf of a limited liability company. Nevertheless, appellant argues it is not statutorily prevented from filing a notice of appeal.

{¶ 10} In *D.L. Lack Corp. v. Liquor Control Comm.*, 191 Ohio App.3d 20, 2010-Ohio-6172 (10th Dist.), this court stated:

> Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the court must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. To be "reliable," evidence must be dependable and true within a reasonable probability. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303. To be "probative," evidence must be relevant or, in other words, tend to prove the issue in question. *Id.* To be "substantial," evidence must have some weight; it must have importance and value. *Id.*
>
> In reviewing the record for reliable, probative, and substantial evidence, the trial court " 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *AmCare, Inc. v. Ohio Dept. of Job & Family Servs.*, 161 Ohio App.3d 350, 2005-Ohio-2714, 830 N.E.2d 406, ¶ 9, quoting *Lies v. Ohio Veterinary Med. Bd.* (1981), 2 Ohio App.3d 204, 207, 2 OBR 223, 441 N.E.2d 584. In doing so, the trial court must give due

deference to the administrative resolution of evidentiary conflicts because the agency, as the fact-finder, is in the best position to observe the manner and demeanor of the witnesses. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265.

Unlike a trial court, an appellate court may not review the evidence. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. An appellate court is limited to determining whether the trial court abused its discretion. *Id.* Absent such an abuse of discretion, an appellate court must affirm the trial court's judgment, even if the appellate court would have arrived at a different conclusion from the trial court. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. When reviewing the trial court's judgment as to whether an agency's decision is in accordance with law, an appellate court's review is plenary. *Spitnagel v. State Bd. of Edn.*, 126 Ohio St.3d 174, 2010-Ohio-2715, 931 N.E.2d 1061, ¶ 14.

*Id.* at ¶ 7-9.

{¶ 11}    Regarding the second assignment of error, we agree with appellant that the cases cited by appellee in support of its motion to dismiss do not address the specific issue of whether a non-lawyer may file a notice of appeal on behalf of a limited liability corporation.   Nevertheless, *Kafele* states that: "The practice of law is not limited to appearances in court.  It also embraces the preparation of papers that are to be filed in court on another's behalf and that are otherwise incident to a lawsuit."  *Id.* at ¶ 15.  The court concluded that by preparing legal papers to be filed in court on behalf of a limited liability corporation, the respondent had engaged in the unauthorized practice of law.

{¶ 12}    R.C. 1925.17 states:

A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy.

{¶ 13} Construing R.C. 1925.17, the Eleventh District Court of Appeals in *Gass v. Headlands Contracting & Tunnelling, Inc.*, 11th Dist. No. 2008-G-2841, 2008-Ohio-6057, dismissed a notice of appeal that had been filed by a non-lawyer member of a limited liability company. In *Gass*, H. Stanley Gass filed a notice of appeal from a judgment of the Geauga County Court of Common Pleas. Mr. Gass filed the appeal "d.b.a. Adept Contractor Services LLC, pro se." The appellee filed a motion to dismiss, arguing that the appellant, as a limited liability company, is prohibited from representing itself pro se in the appeal. The court noted its prior precedent "that pursuant to R.C. 1925.17, outside of small claims court, an individual, including a corporate officer, who is not an attorney, may not appear in court or maintain litigation in propria persona on behalf of a corporation." *Id.* at ¶ 5. On this basis, the court ruled that Mr. Gass, a non-attorney, lacked standing to appeal the judgment entered against the appellant. We likewise find Ms. Krieder and Mr. Taylor could not appeal the judgment against appellant. Accordingly, we overrule appellant's second assignment of error.

{¶ 14} Appellant argues that R.C. 1925.17 is unconstitutional. We decline to address this argument as it was never raised before the commission, nor addressed by the common pleas court and, thus, appellant has waived the issue. As stated by this court in *Harr v. Jackson Twp.*, 10th Dist. No. 10AP-1060, 2012-Ohio-2030:

> "A party generally waives the right to appeal an issue that could have been raised, but was not raised, in earlier proceedings." *Trish's Café & Catering, Inc. v. Ohio Dept. of Health*, 195 Ohio App.3d 612, 2011-Ohio-3304, 961 N.E.2d 236, 2011-Ohio-3304, 961 N.E.2d 236, ¶ 19 (10th Dist.), citing *MacConnell v. Ohio Dept. of Commerce*, 10th Dist. No. 04AP-433, 2005-Ohio-1960, ¶ 21. Generally, a reviewing court does not consider questions not presented to the court whose judgment is sought to be reversed. *McBroom v. Dickerson*, 10th Dist. No. 11AP-601, 2012-Ohio-377, ¶ 11, citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81, 679 N.E.2d 706 (1997). Furthermore, a party who fails to raise an argument below waives his right to raise it on appeal. *McBroom* at ¶ 11, citing *Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993).

*Id.* at ¶ 32.

{¶ 15} For the same reasons outlined in the paragraph above, we also decline to address appellant's first assignment of error, as the issue of service was never raised before the commission itself, nor addressed by the common pleas court. Accordingly, we overrule appellant's first assignment of error.

{¶ 16} For the foregoing reasons, we overrule both of appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and McCORMAC, J., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____