[Cite as *Navy Portfolio, L.L.C. v. Avery Place, L.L.C.*, 2014-Ohio-3401.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Navy Portfolio, L.L.C., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-1071 |
| | | (C.P.C. No. 09CV-14464) |
| Avery Place, L.L.C., c/o James J. Moro, Statutory Agent, | : | |
| | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| | : | |
| Dispatch Printing Company et al., | : | |
| Defendants-Appellees. | : | |
| | : | |
| Navy Portfolio, L.L.C., | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 13AP-1072 |
| | : | (C.P.C. No. 10CV-11601) |
| James J. Moro, | : | |
| | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| | : | |
| Jane Doe, unknown spouse, if any, of James J. Moro et al., | : | |
| Defendants-Appellees. | : | |
| | : | |
| Navy Portfolio, L.L.C., | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 13AP-1073 |
| | : | (C.P.C. No. 10CV-11601) |
| James J. Moro et al., | : | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| [Avery Place, L.L.C., | : | |
| Defendant-Appellant]. | : | |

Navy Portfolio, L.L.C.,                          :

      Plaintiff-Appellee,                     :

v.                                               :                   No. 13AP-1074
                                                                (C.P.C. No. 09CV-14464)
Avery Place, L.L.C., c/o James J. Moro,          :
Statutory Agent et al.,                                          (REGULAR CALENDAR)
                                                 :
      Defendants-Appellees,
                                                 :

[James J. Moro,                                  :

      Defendant-Appellant].                   :

                                                 :

---

## D E C I S I O N

### Rendered on August 5, 2014

---

*Bricker & Eckler, LLP, Kenneth C. Johnson, Anthony M. Sharett* and *Anne Marie Sferra*, **for appellee Navy Portfolio, L.L.C.**

*Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A.*, and *Kenneth R. Goldberg*, **for appellee Receiver.**

*James J. Moro*, **pro se.**

---

    APPEALS from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} In these consolidated appeals, defendants-appellants, James J. Moro ("Moro") and Avery Place, L.L.C. ("Avery Place"), appeal from judgments of the Franklin County Court of Common Pleas authorizing and confirming the sale of property by a receiver and denying a motion to remove the receiver and stay the sale. For the reasons that follow, we dismiss Avery Place's appeals and affirm with regard to Moro's appeals.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

{¶ 2}  Avery Place is a company that developed condominiums in Franklin County, Ohio.  Moro is the sole owner of the company and individually owned two condominium units in the Avery Place development.  In 2007 and 2008, Home Savings and Loan Company of Youngstown, Ohio ("Home Savings") made loans to both Avery Place and Moro secured by mortgages on real property located in the Avery Place condominium development.  In 2009 and 2010, Home Savings filed foreclosure actions against Avery Place and Moro.  In both actions, at Home Savings' request, the trial court appointed Reginald Martin as receiver over the mortgaged property.  In the Avery Place case, the court ordered the receiver to file a full and complete accounting of all financial transactions on or before November 20, 2009, and no less frequently than every 60 days thereafter.  The court similarly ordered the receiver to file accountings in the Moro case, with reports to begin by April 25, 2011.

{¶ 3}  In February 2010, the receiver filed an accounting in the Avery Place case and an application to sell one of Avery Place's condominium units at a private sale.   The trial court approved the private sale.  The receiver filed a second accounting in the Avery Place case on April 6, 2010, and a third accounting on June 30, 2010.  In the Moro case, the receiver filed an accounting on April 26, 2011.

{¶ 4}  The trial court consolidated the cases, and the receiver filed a motion for authority to sell the remaining property at a public sale, which the trial court granted.  The court also granted Home Savings summary judgment against Avery Place and Moro and entered final decrees of foreclosure.  Avery Place and Moro appealed from these judgments, and we affirmed in *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 10th Dist. No. 11AP-1152, 2012-Ohio-6255 ("*Avery I*").  We also denied Avery and Moro's application for reconsideration.  Avery and Moro then filed a motion for relief from judgment which the trial court denied, finding it lack jurisdiction to consider the motion.  We affirmed this judgment in *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 10th Dist. No. 13AP-777, 2014-Ohio-1747, ¶ 1, 14 ("*Avery II*").

---

[1] Some of these preliminary facts are taken from this court's opinion in *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 10th Dist. No. 11AP-1152, 2012-Ohio-6255, ¶ 1-4.

{¶ 5}   In January 2012, the receiver filed the notice of public sale.  The property was sold with the exception of Moro's two condominium units, which the receiver withdrew from the sale because Moro had filed a bankruptcy petition.  The receiver asked the trial court to confirm the sale of the other property, and the court did so in May 2012.  Also in May 2012, the receiver filed a summary accounting.

{¶ 6}   Moro's bankruptcy action was dismissed and, in September 2012, the receiver filed a notice of a public sale for Moro's condominium units to be held on October 9, 2012.  Evidently this sale was unsuccessful because in October 2013 the receiver filed a motion for authority to sell the property at a private sale to Navy Columbus Real Estate, L.L.C. ("Navy Columbus").  The receiver averred the property had been listed for sale throughout the receivership by multiple real estate brokers.  The receiver indicated the purchase price was the highest and best offer received, and he believed it was the best price that would be realized in the foreseeable future.  The receiver notified the court Navy Columbus was owned by or associated with Navy Portfolio Alpha, L.L.C., which held the first mortgage lien on the property.  Therefore, the sale would be a "credit bid" sale in which the purchaser would pay certain costs, like all real estate taxes, but the remainder of the purchase price would be paid as a credit against the existing mortgage debt.  Navy Portfolio, L.L.C. ("Navy Portfolio") had been substituted as plaintiff in the consolidated cases in November 2012.

{¶ 7}   Moro filed a motion on behalf of the defendants to stay the requested sale and remove the receiver.  Although framed as a request for a stay, Moro actually asked the court to find the proposed sale contrary to law.  He complained the receiver had not timely filed accounting reports.  Also, Moro submitted the affidavit of a real estate consultant who averred one of the condominiums was only listed on the Multiple Listing Service ("MLS") system from February to August 2009, and the other had never been listed.  Thus, Moro argued the receiver failed to actively market the properties in order to obtain the best price.  Moro also complained the receiver had not paid real estate taxes for the condominiums.  The receiver filed a response to Moro's motion, to which Moro replied.

{¶ 8}   On November 27, 2013, the trial court denied the motion for removal and a stay.  The court noted Moro purported to file this motion for the "defendants" but was not

a lawyer and could only represent himself. Therefore, the court summarily denied the motion to the extent Moro filed it on behalf of any defendant other than himself. With regard to the merits of Moro's motion, the court found he presented no compelling reason for removal of the receiver. Also, he did not cite any legal rationale for a stay of the proposed sale. On December 4, 2013, the trial court issued an order authorizing and confirming the private sale of Moro's two condominiums.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Moro filed notices of appeal from the trial court's November 27, 2013 and December 4, 2013 entries on behalf of himself and Avery.[2] However, only Moro filed an appellate brief, and he presents two assignments of error for our review:

> 1. The trial court erred when it denied Defendant's Motion to Remove the Receiver and Stay the Sale.
>
> 2. The [trial] court erred when it granted the receivers Motion to Sell the two Moro units.

## III. DISCUSSION

{¶ 10} Initially, we note Moro, a non-attorney, filed the notices of appeal for Avery Place. *See Campus Pitt Stop, L.L.C., v. Ohio Liquor Control Comm.*, 10th Dist. No. 13AP-622, 2014-Ohio-227, ¶ 1, 4, 7, 13, 16 (affirming the dismissal of an administrative appeal filed by a non-lawyer on behalf of a limited liability company). Also, Moro did not purport to file his appellate brief on behalf of Avery, and Avery did not file its own brief. "If an appellant fails to file the appellant's brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal." App.R. 18(C). Accordingly, we dismiss Avery Place's appeals, i.e., appeal Nos. 13AP-1071 and 13AP-1073. *See Franks v.*

---

[2] Although we question whether the trial court's November 27, 2013 entry regarding the private sale was a final order, the December 4, 2013 entry confirming the private sale (which noted there was no just cause for delay) was a final order into which an interlocutory order regarding that sale would have merged. *See Whipps v. Ryan*, 10th Dist. No. 12AP-509, 2013-Ohio-4334, ¶ 27, 31-32 (explaining in foreclosure action, confirmation of sheriff's sale qualified as a final order under R.C. 2505.02(B)(2), but to be appealable, needed Civ.R. 54(B) language because a claim remained pending in the action); *State ex rel. Horvath v. Zmuda*, 6th Dist. No. L-12-1009, 2013-Ohio-55, ¶ 19 ("An order confirming a receiver sale is a final, appealable order."); *see generally Beatley v. Knisley*, 183 Ohio App.3d 356, 2o09-Ohio-2229, ¶ 9 (10th Dist.), citing *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, ¶ 9 (2d Dist.) ("Interlocutory orders merge into the final judgment, and thus an appeal from a final judgment allows an appellant to challenge both the final judgment and any interlocutory orders merged with it.").

*Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 26; *see also* Loc.R. 10(D) of the Tenth District Court of Appeals.

{¶ 11} In his first assignment of error, Moro contends the trial court erred when it denied his motion to remove the receiver and stay the sale. In his second assignment of error, Moro contends the trial court erred when it granted the receiver's motion for authority to sell his condominiums in a private sale. Moro only presents one argument for both of his assignments of error. "Under App.R. 12(A)(2), we may choose to disregard any assignment of error an appellant fails to separately argue." *Glasstetter v. Rehab. Servs. Comm.*, 10th Dist. No. 13AP-932, 2014-Ohio-3014, ¶ 12, citing *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 15. Nonetheless, we will consider his contentions.

{¶ 12} " 'It is well settled that a trial court is vested with the sound discretion to appoint a receiver.' " *City Natl. Bank v. WBP Invests., L.L.C.*, 10th Dist. No. 10AP-1134, 2011-Ohio-6129, ¶ 5, quoting *Ohio Bur. of Workers' Comp. v. Am. Professional Emp., Inc.*, 184 Ohio App.3d 156, 2009-Ohio-2991, ¶ 7 (10th Dist.), citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73 (1991). Thus, an order appointing a receiver "will not be reversed on appeal absent a clear abuse of discretion." *Id.* at ¶ 5. Similarly, we find the question of whether or not to remove a receiver also lies within the discretion of the trial court. *Starr v. Dotsikas*, 8th Dist. No. 73201 (Aug. 6, 1998); *see* Loc.R. 66.07(A) of the Court of Common Pleas of Franklin County, General Division (stating "[f]ailure to timely prosecute a receivership, * * * *may* result in * * * [r]emoval of the receiver"). (Emphasis added.) In addition, absent an abuse of discretion, we will not disturb a trial court's decision regarding the scope of the receiver's powers. *Wells Fargo Bank, N.A. v. Odita*, 10th Dist. No. 13AP-663, 2014-Ohio-2540, ¶ 15. The phrase "abuse of discretion" connotes an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} Moro states the trial court "erred earlier in the year with the determination that it has no jurisdiction to heat [sic] the motion." (Appellant's Brief, 6.) Although unclear, this statement appears directed toward the trial court's denial of Moro's post-*Avery I* motion for relief from judgment. We affirmed that denial in *Avery II* and fail to see the relevance of Moro's statement to the assigned errors.

{¶ 14} Next, Moro argues the trial court should not have permitted the sale, and instead removed the receiver because the receiver "does not follow the state and local rules as he continues to file accounting reports, pay taxes, insurance and ect. [sic]." (Appellant's Brief, 6.)  Moro states generally that the receiver failed to follow Loc.R. 66, Chapter 2735 of the Revised Code and the trial court's September 22, 2009 order.  He does not, however, support these general assertions with specific facts or with any argument regarding the same.  Thus, we reject these arguments.

{¶ 15} Finally, Moro contends the affidavit he provided on the absence of listings for his condominiums on the MLS system shows the receiver did not make efforts to sell the property and obtain the best price for it.  However, it is not clear to this court the absence of a listing on the MLS system proves the receiver lied about listing the property for sale with real estate brokers.  Also, Moro has directed this court to no evidence that the price the receiver obtained for the condominiums was too low.  Accordingly, we overrule both of Moro's assignments of error.

## IV. CONCLUSION

{¶ 16}  Having dismissed Avery Place's appeals in case Nos. 13AP-1071 and 13AP-1073, and overruled Moro's two assignments of error in case Nos. 13AP-1072 and 13AP-1074, we affirm the judgments of the Franklin County Court of Common Pleas.

*Appeals dismissed in 13AP-1071 & 13AP-1073;*
*judgments affirmed in 13AP-1072 & 13AP-1074.*

TYACK and DORRIAN, JJ., concur.