[Cite as *Unemp. Comp. Rev. Comm. v. Blue Machine, L.L.C.*, 2017-Ohio-7495.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Unemployment Compensation Review Commission, | : | |
| | : | |
| Appellee-Appellee, | : | No. 17AP-176 |
| | : | (C.P.C. No. 16CV-11400) |
| v. | : | |
| | : | (ACCELERATED CALENDAR) |
| Blue Machine, LLC, | : | |
| Appellant-Appellant. | : | |
| | : | |

---

### D E C I S I O N

#### Rendered on September 7, 2017

---

**On brief:** *Michael DeWine*, Attorney General, and *Alan Schwepe*, for appellee. **Argued:** *Alan Schwepe*.

**On brief:** *Barron Peck Bennie & Schlemmer, LPA*, *Peter A. Burr*, and *Steven C. Davis*, for appellant. **Argued:** *Peter A. Burr*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Blue Machine, LLC, appellant, has filed an appeal from the judgment of the Franklin County Court of Common Pleas in which the court granted a motion to dismiss.

{¶ 2} The underlying facts in this case are not germane to the issues before us on appeal. On October 14, 2016, appellee, the Unemployment Compensation Review Commission ("UCRC"), which operates under the Ohio Department of Job and Family Services ("ODJFS"), rendered a final decision adverse to appellant and mailed the order to

appellant. On December 2, 2016, Margie Burke, who identified herself as a co-owner of appellant and not an attorney, filed a notice of appeal on behalf of appellant.

{¶ 3} On December 19, 2016, ODJFS filed a motion to dismiss asserting that appellant failed to perfect its appeal within the 30-day period set forth in R.C. 4141.26(D)(2), because the notice of appeal docketed on December 2, 2016, was filed by Burke, who is not an attorney, and any notice of appeal filed on behalf of a limited liability company must be made through counsel, pursuant to *Campus Pitt Stop, L.L.C. v. Ohio Liquor Control Comm.*, 10th Dist. No. 13AP-622, 2014-Ohio-227. On February 16, 2017, the Franklin County Court of Common Pleas issued a decision and entry granting ODJFS's motion to dismiss, finding that, pursuant to *Campus Pitt Stop*, Burke was prohibited from filing an appeal on behalf of appellant because she was not an attorney. Appellant appeals the judgment of the common pleas court, asserting the following assignment of error:

> The trial court erred as a matter of law by holding that Appellant failed to timely file its Notice of Appeal of the decision of the Unemployment Review Commission.

{¶ 4} In its sole assignment of error, appellant argues that the common pleas court erred when it concluded that appellant failed to timely file its notice of appeal of the UCRC's order. A trial court and an appellate court employ the same, well-established standard of review in appeals involving the commission: "[A] reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence." *Tzangas, Plakas & Mannos v. Admr., Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697 (1995); R.C. 4141.282(H). When a reviewing court (whether a trial or appellate court) applies this standard, it may not make factual findings or determine witness credibility. *Irvine v. State Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18 (1985). Factual questions remain solely within the commission's province. *Tzangas* at 696. An appellate court in reviewing an administrative order, however, has plenary review of purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.). *See also Slats & Nails Pallets, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-690, 2015-Ohio-1238, ¶ 8, citing *Hayward v.*

*Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, ¶ 23 (where an R.C. 4141.26(D)(2) appeal raises legal issues, our review is de novo).

{¶ 5} R.C. 4141.26(D)(2) provides, in pertinent part:

> The employer and the director shall be promptly notified of the commission's decision, which shall become final unless, within thirty days after the mailing of notice of it to the employer's last known address by certified mail, return receipt requested, or, in the absence of mailing, within thirty days after delivery of such notice, an appeal is taken by the employer or the director to the court of common pleas of Franklin county. Such appeal shall be taken by the employer or the director by filing a notice of appeal with the clerk of such court and with the commission. Such notice of appeal shall set forth the decision appealed and the errors in it complained of. Proof of the filing of such notice with the commission shall be filed with the clerk of such court.

{¶ 6} In the present case, the common pleas court concluded that appellant failed to comply with the 30-day appeal limitation set forth in R.C. 4141.26(D)(2) because appellant's "co-owner," Burke, who is not an attorney, filed the notice of appeal, and this court held in *Campus Pitt Stop* that any notice of appeal filed on behalf of a limited liability company must be made through legal counsel. In *Campus Pitt Stop*, two individuals, on behalf of a limited liability company, filed a notice of appeal of the Liquor Control Commission's order with the Franklin County Court of Common Pleas. We found that R.C. 1925.17 requires a notice of appeal on behalf of a corporation must be filed by an attorney at law. Thus, because the two individuals who filed the notice of appeal were non-attorneys, they could not file the notice of appeal on behalf of the limited liability company. We followed *Campus Pitt Stop* in *Navy Portfolio, L.L.C. v. Avery Place, L.L.C.*, 10th Dist. No. 13AP-1071, 2014-Ohio-3401, finding that the sole owner of a limited liability company, who was a non-attorney, could not file a notice of appeal from a trial court's decision.

{¶ 7} Appellant provides no compelling reason to depart from our decision in *Campus Pitt Stop*. Appellant does cite some authority for the general proposition that the state of Ohio has relaxed the need for attorney representation for some purposes in administrative proceedings before the Industrial Commission of Ohio. Appellant also

cites *Henize v. Gills*, 22 Ohio St.3d 213 (1986), for the proposition that the Supreme Court of Ohio has before permitted laypeople to represent employers in hearings before the Bureau of Employment Services and the Unemployment Compensation Board of Review. However, neither of these cases are on point and do not address the issue before this court and directly addressed in *Campus Pitt Stop*; that is, whether a non-attorney can file a notice of appeal on behalf of a limited liability company from an administrative order. This court answered that question in the negative, and we are bound in this case by our own controlling precedent. For these reasons, we find appellant's argument without merit, and we overrule appellant's assignment of error.

{¶ 8}   Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____